[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 19-13182, 19-13394

_____

D.C. Docket No. 1:17-cv-24223-KMW

A.T.O. GOLDEN CONSTRUCTION CORP.,
a Florida Corporation,

Plaintiff-Counter Defendant-Appellee-Cross Appellant,

versus

ALLIED WORLD INSURANCE COMPANY,
a foreign insurance corporation,

Defendant-Appellant-Cross Appellee,

PETE VICARI GENERAL CONTRACTOR, LLC,

Defendant-Counter Claimant-Appellant-Cross Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(December 9, 2020)

Before WILLIAM PRYOR, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

These appeals arise from state-law breach-of-contract claims by subcontractor A.T.O. Golden Construction ("ATO") against general contractor Pete Vicari General Contractor ("Vicari"), and its surety, Allied World Insurance Company ("Allied"), involving construction projects on two residential towers (the "two projects"). After a trial, the jury returned a $75,000 verdict in favor of ATO as to one tower ("Civic Tower") and $50,000 as to the other ("Civic Tower Senior"). After the verdict and post-trial motions, the district court entered final judgment in the amount of $125,000, plus interest of $9,729.16, in favor of ATO and against Vicari and Allied.

Appellants Vicari and Allied now appeal the district court's final judgment and the denial of their motions for judgment as a matter of law and for a new trial. Appellee ATO filed a cross-appeal as to an evidentiary issue in the event a new trial was granted. After review of the record and with the benefit of oral argument, we affirm the district court's final judgment and denial of Appellants' motions.

## I. Motions for Judgment as a Matter of Law

We review de novo a ruling on a motion for judgment as a matter of law, considering the evidence in the light most favorable to the nonmoving party. Eghnayem v. Bos. Sci. Corp., 873 F.3d 1304, 1313 (11th Cir. 2017). On appeal,

2

the Appellants do not challenge the jury charge as to damages or that ATO could sue for quantum meruit damages.  Rather, Appellants contend primarily that ATO presented no competent or legally sufficient evidence of its quantum meruit damages to support the jury's verdict.

After extensive record review, we conclude that the district court did not err in denying the Appellants' motions for judgment as a matter of law.  At trial, Appellee ATO presented competent and legally sufficient evidence of its quantum meruit damages to support the jury's verdict of $75,000 as to the Civic Tower and $50,000 as to the Civic Tower Senior.  This evidence included, for example, some change orders and testimony that adequately established the reasonable value of the work, materials, and services provided by ATO as to each tower.  Further, in the light most favorable to ATO, the unpaid sums for change orders—without including the overhead and profit in them—exceed the amount of the jury's verdict as to each tower.  See Emerald Pointe Prop. Owners' Ass'n, Inc. v. Com. Constr. Indus., Inc., 978 So. 2d 873, 879 (Fla. Dist. Ct. App. 2008) (stating, in quantum meruit, "damages are calculated by adding the reasonable value of the labor and services rendered, as well as materials furnished" and "do not include profits"); Puya v. Superior Pools, Spas & Waterfalls, Inc., 902 So. 2d 973, 976 (Fla. Dist. Ct. App. 2005) (stating, in quantum meruit, "the contractor's measure of damages is

3

the reasonable value of the labor and services rendered, and materials furnished" (quotation marks omitted)).

## II.  Motions for New Trial

We review the denial of a motion for a new trial for abuse of discretion. Collins v. Marriott Int'l, Inc., 749 F.3d 951, 960 (11th Cir. 2014).

Here, the district court did not abuse its discretion in denying the Appellants' motions for a new trial because (1) the liability and damages findings were not against the weight of the evidence, and (2) the verdict was not an impermissible compromise.[1]

Accordingly, we affirm the district court's denial of Appellants' motions and its entry of final judgment of $125,000 and $9,729.16 in interest in favor of ATO and against Appellants Vicari and Allied.  Because we affirm the jury's verdict and final judgment in favor of the Appellee ATO, we need not (and do not) reach the evidentiary issue raised in ATO's conditional cross-appeal.

**AFFIRMED.**

---

[1]While the verdict was initially against only Vicari and in favor of Allied, the district court subsequently determined that Allied should be added to the final judgment for a number of reasons.  We reject Allied's claim on appeal that there was an impermissible compromise verdict.  Because Allied has claimed no other error as to its inclusion in the final judgment, we need go no further.

4